## FULTZ v. CASTLEBERRY.

Opinion delivered January 7, 1907.

EXEMPTION—DISALLOWANCE—EFFECT OF APPEAL WITHOUT SUPERSEDEAS.— Where property levied upon under execution was claimed as exempt, and the claim of exemption was disallowed, and an appeal was taken from such disallowance without a supersedeas bond being filed, the taking of the appeal did not bar the officer from selling the property under execution, nor render him liable therefor, on a subsequent reversal of the judgment; the extent of the officer's liability being for so much of the proceeds of the execution sale as the officer had in his hands after paying the judgment to the plaintiff, which sum would be a credit on the defendant's claim against plaintiff for having procured a sale of exempt property.

Appeal from Ouachita Circuit Court; *Charles W. Smith,* Judge; reversed.

*Gaughan & Sifford,* for appellants.

Upon appeal from the action of the justice of the peace it was the duty of the plaintiff, appellee here, to file a bond as required by statute, Kirby's Digest, § § 3908, 4666. And if the appeal is taken without bond it does not operate to suspend proceedings on the judgment appealed from, nor to recall an execution issued. *Id.* § 4667. See *Id.* § 3096. Had the sheriff failed to levy the execution or make sale of the property after levy, he would have been liable to the execution plaintiff. *Id.* § § 3286, 4487.

It was appellee's duty to see that a supersedeas issued; otherwise he waived his right thereto. 43 Ark. 17; 47 Ark. 400.

*Thornton & Thornton,* for appellee.

Exemption laws are to be liberally construed. 31 Ark. 652; 38 Ark. 112; 25 Ark. 101; Thompson, Homestead and Ex. § 4; Waples, Homestead and Ex. § 4; 11 Heiskell (Tenn.), 575. The law gave the plaintiff the right of appeal, and without reference in that connection to the giving of a bond. Statutes are to be construed according to the intention of the Legislature. After the intention is discovered, then the courts have nothing to do with its policy, but must enforce it if constitutional. 37 Ark. 494; 3 Ark. 285; 11 Ark. 44; Sedgwick, St. and Const. Construction, 309. The sheriff must know at his peril that the property levied on is subject to sale on execution. Murfree on Sheriffs, 492. If forced to sell, he ought to have held the funds until the circuit court's decision on the schedule. His deputy's attendance in justice court and his own attendance in circuit court was sufficient to put him on notice of the appeal. Waples on Homestead and Ex. 777. If sued for refusal to sell, he could have justified on the ground that the property was exempt. Murfree on Sheriffs, § 455; Waples on Homestead and Ex. 857.

Hill, C. J. The undisputed facts of this case are: Mrs. Martha J. Wild had a judgment in justice of the peace court against G. S. Castleberry, and execution was issued thereupon and placed in the hands of Fultz, a deputy sheriff, who levied upon one bale of cotton as the property of Castleberry.

Castleberry gave notice to Mrs. Wild that he would claim the bale as exempt from execution and sale, and there was a hear-

ing upon this claim of exemption before the justice, and the justice denied it and refused to issue supersedeas. Thereupon Castleberry appealed to the circuit court, but did not give supersedeas bond. Fultz, acting under his execution after the supersedeas was denied, and before the trial on appeal, sold the cotton and paid the judgment and costs to the plaintiff therein, Mrs. Wild, and tendered the surplus, $24.95, to Castleberry, who refused to accept it. On the hearing in circuit court, Castleberry's claim to exemption was sustained, and he thereafter brought suit against Fultz and his principal, Sheriff Sevier, for the value of the bale of cotton. Sevier and Fultz answered, justifying under the process in their hands, and again tendered the surplus of the sale, $24.95. Castleberry recovered judgment, under issues sent to the jury, and the sheriff and deputy appealed. It is unnecessary to go into any questions as to the correctness of the instructions or rulings as to the evidence, for the facts admitted in the agreed statement, summarized above, show that Castleberry had no case against the officers except for the surplus, and that was tendered before suit and in the suit.

The exemption law provides: "An appeal may be taken to the circuit court from any order or judgment rendered by the justice of the peace upon the filing of the affidavit and executing the bond required in other cases of appeal." Kirby's Digest, § 3908. This shows that appeals from an order refusing a supersedeas are to be governed by the general law controlling appeals from justice court; and, turning thereto, it is found: An appeal may be taken by complying with certain named conditions, one of which is the execution of an appeal bond; but an appeal may be taken without such bond, on the express condition that "such appeal shall not operate as a suspension of the proceedings upon the judgment appealed from, and no certificate shall be given the appellant stating that an appeal in the cause has been allowed, and no execution be recalled." Kirby's Digest, § § 4666, 4667. Therefore it follows that Castleberry could not stay the execution without giving the bond, and it was the duty of the sheriff to obey the process in his hands.

Castleberry's subsequent judgment in the circuit court sustaining his claim to the bale of cotton as exempt from the execution established his right to the property against Mrs. Wild,

and she is, of course, liable to him for the value of it. The only claim he ever had against the sheriff was for so much of its proceeds as he had in his hands after paying the judgment to Mrs. Wild, and this would be a credit on his claim against Mrs. Wild, and the sheriff has always offered payment of that sum.

Reversed and remanded.