WOODBURN *v.* DRIVER.

Opinion delivered January 14, 1907.

1. REPLEVIN—LIABILITY OF SURETIES IN RETAINING BOND.—Where a defendant in replevin gives a retaining bond, the liability of the sureties therein, by Kirby's Digest, § 6870, is limited to the value of the propty in case its return can not be had, and the damages sustained by its detention. (Page 334.)

2. ERRONEOUS JUDGMENT—PRESUMPTION.—Although the transcript on appeal does not contain the evidence upon which the decree appealed from was based, the presumption will not be indulged that the evidence was sufficient to warrant the decree, if the decree was inconsistent and erroneous on its face. (Page 335.)

Appeal from Mississippi Circuit Court; *Allen Hughes,* Judge; reversed.

Appelants *pro se.*

The sureties in a delivery bond in replevin are only liable for a return of the property if a return is adjudged, or for its value if a return can not be had, for damages for its retention, if awarded, and for costs. Kirby's Digest, § 6870; 47 Ark. 316.

*W. J. Driver,* for appellees.

The record failing to disclose the testimony from which this court may determine the facts upon which the decree is based, it will be presumed that the decree is correct and based upon sufficient testimony. 58 Ark. 135; 63 Ark. 513; 64 Ark. 609.

The findings of a chancellor upon a question of fact will be sustained unless clearly contrary to the weight of the testimony. 67 Ark. 287; 68 Ark. 134; *Id.* 314; 71 Ark. 605.

McCULLOCH, J. Appellees, Driver and McVeigh, instituted an action of replevin in the circuit court of Mississippi County against appellants Woodburn and Pope to recover possession of a lot of personal property (sawmill machinery) claimed under a chattel mortgage executed by the latter to the Bensack Lumber Company, and by that company transferred to appellees. An order of delivery was duly issued and served, and the defendants executed a retaining bond in statutory form with their co-appellants, Stewart, King, Crawford, Davis and Simpson, as sureties.

The defendants filed their answer and cross-complaint, denying any indebtedness under the mortgage, and alleging that the Bensack Lumber Company was indebted to them in a large sum in excess of the mortgage debt, and that the transfer of the mortgage to Driver & McVeigh was fraudulent. On their motion the Bensack Lumber Company was brought in as a party, and the cause was transferred to the chancery court. That court, upon the pleadings and proof, rendered a final decree in favor of Driver & McVeigh and the Bensack Lumber Company against said defendants and their said sureties on retaining bond for $1,851.59, the amount of the note and interest secured by said mortgage, together with costs of suit, and declared the same to be a lien on the property described in the mortgage. The commissioner of the court was ordered to sell said property for the satisfaction of the decree.

At the next term said sureties presented to the court their petition to have the decree against them set aside, and the prayer of the petition was by the court denied. An appeal was granted by the clerk of this court within a year from the date of the original decree, and this appeal brings up the whole record.

The question presented by the appeal is whether or not the chancellor erred in rendering a decree against the sureties on the retaining bond of the defendants for the amount of the debt due to the plaintiffs by the defendants.

The action was instituted at law for the recovery of personal property, and the statute provides that in all such actions "where the defendant has given a delivery bond, * * * the court or jury trying the cause may not only render judgment against the defendant for the recovery of the property, or its value, together with all damages sustained by the detention thereof, but also,

upon motion of the plaintiff, render judgment against the sureties upon said delivery bond for the value of the property and also all damages as aforesaid, as the same may be found and determined by the court or jury trying said cause." Kirby's Digest, § 6870.

The liability of the sureties was not enlarged by the transfer of the case to the chancery court. They were not parties to the action except for the purposes of rendering the summary judgment against them as provided by the statute, and their rights were not affected by the transfer of the case. The chancery court could render against them only such a judgment as the statute authorizes, which is for the return of the property, or its value, and damages for detention thereof.

It has been held by this court in the case of *Cathey* v. *Bowen*, 70 Ark. 348, that a judgment against the defendant in replevin need not be in the alternative for the property or its value, but may be for its value, where the record shows that a judgment for delivery could not be executed. It does not appear, however, from the record in this case that the delivery of the property could not have been had. On the contrary, the decree declared a lien on the property, and directed the commissioner to sell it for satisfaction of the debt. It was delivered to the commissioner, and by him sold. The court made no finding as to the value of the property, nor of any damages for detention thereof, but rendered a decree against the sureties for the amount of the indebtedness secured by the chattel mortgage. This was error.

The transcript does not contain the evidence upon which the decree was based, and counsel for appellees invoke the rule that this court must indulge the presumption that the evidence was sufficient to warrant the decree. *Carpenter* v. *Ellenbrook*, 58 Ark. 134; *Simpson* v. *Talbot*, 72 Ark. 185.

The decree in this case is inconsistent and erroneous on its face, and it is not aided by any presumption as to the sufficiency of the evidence. It appears from the face of the decree that the property could be returned, and other parts of the record show that it was delivered to the commissioner and sold by him. No damages for detention were assessed by the court nor value of the property.

The decree against the sureties on the bond for the amount of defendant's debt to plaintiffs is reversed, and the cause is

remanded with directions to enter a decree against them in accordance with this opinion.