PRAIRIE CREEK COAL MINING COMPANY v. KITTRELL.

Opinion delivered March 31, 1913.

SUMMARY JUDGMENT AGAINST PRINCIPAL ON SUPERSEDEAS BOND—MOTION BY SURETY.—The surety on appellant's bond superseding a judgment of the circuit court, when the judgment is affirmed in the Supreme Court, and the surety paid the judgment, will not be given a summary judgment against the appellant for the amount paid by him. Express authority for a summary judgment must be found in the statute. Kirby's Digest, § § 1235, 4480, 7925, 7928, *held* not to grant such express authority.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; motion overruled.

*Hill, Brizzolara & Fitzgerald,* for the surety.
*Read & McDonough,* for appellant.

PER CURIAM.

Appellant gave a *supersedeas* bond, and the judgment was affirmed. *Prairie Creek Coal Mining Co. v. Kittrell,* 106 Ark. 138.

The surety on the *supersedeas* bond now moves this court for summary judgment against appellant, alleging that the amount of the affirmed judgment has been paid by said surety.

The question arises whether or not this court has authority to render such judgment.

The only statute which in express terms authorizes this court to render summary judgment on a *supersedeas* bond only provides for judgment against the sureties. Kirby's Digest, § 1235.

The statute now relied on by the moving party is taken from the Civil Code and reads as follows:

"Judgments and final orders may be obtained, on motion, by sureties against their principals; sureties against their co-sureties, for recovery of money due them on account of payments made by them as such; by clients against attorneys; plaintiffs in executions against sheriffs, constables and other officers, for the recovery of money or property collected for them and damages, and in all other cases specially authorized by statute." Kirby's Digest, § 4480.

Succeeding sections specify the length of notice to be given and the form thereof, and the time when the motion will be presented. There is no specification in the statute as to the court wherein the motion shall be presented. The Digestors have, since the enactment of this statute, incorporated in the same chapter of the Digest the Act of January 15, 1857, having reference to summary judgments against sheriffs, coroners, constables and clerks for failure to pay over money and other delinquencies.

This court in *Milor* v. *Farrelly,* 25 Ark. 353, held that a proceeding against a sheriff under the Act of 1857 must be prosecuted in the county where the sheriff and the sureties on his bond reside, and not in the county where the original judgment was rendered.

Other provisions found in chapter 137 Revised Statutes, concerning the rights of sureties against principals and against co-sureties, are brought forward into the Digest. Kirby's Digest, §§ 7924-7929.

Section 7925 provides that, when payment shall be made by a surety in money, he may "recover the same, with interest, in an action for so much money paid to the use of defendant."

Section 7928 provides that where "judgment is given in any circuit court upon any bond, bill or note, for the payment of money or the delivery of property against the principal debtor and sureties therein, and such surety shall pay the judgment, or any part thereof, he shall be entitled, upon motion, to judgment in the same court against the principal debtor for the amount he is entitled to recover."

It is unnecessary for us to determine the relation between these various sections of the statutes. Suffice it to say that there is, as before stated, no statute which, in express terms, authorizes this court to render summary judgment in such cases, and the above-quoted statute taken from the Civil Code can not be construed as giving that authority.

This court held in *Milor* v. *Farrelly, supra,* that the

summary remedy conferred by statute is in derogation of the common law and must be strictly construed. Therefore, express authority must be found in the statute before the power can be exercised.

Whether the rendition of such judgment would be the exercise of original jurisdiction, which is beyond the power of the Legislature to impose upon this court, we need not decide. But in the absence of express statutory authority the court finds itself unauthorized to render summary judgment. Motion overruled.