RAY v. GREGORY.

Opinion delivered July 5, 1915.

1. EXEMPTIONS—ACTION FOR DAMAGES FOR SALE OF EXEMPT PROPERTY.— When exempt property has been sold under judicial process, in an action for damages, the debtor need not formally claim that the creditor's judgment could not be set off against the one he recovered.

2. EXEMPTIONS—SALE OF EXEMPT PROPERTY—REIMBURSEMENT.—When a creditor sells property belonging to the debtor, after securing a judgment in the circuit court, having appealed from justice court to the circuit court without bond, when the property is shown to be exempt, the creditor must reimburse the debtor.

3. EXEMPTIONS—SALE OF EXEMPT PROPERTY—DAMAGES—SET-OFF BY JUDGMENT CREDITOR.—Kirby's Digest, § 6238, provides that judgments for the recovery of money may be set-off against each other, due regard being had to the equitable and legal rights of all persons interested in both judgments, and when a judgment creditor procured the sale of his debtor's exempt property, the creditor can not, in an action for damages for the sale thereof, set-off against the debtor's judgment, his judgment against the debtor, since that would destroy the exemption.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

### STATEMENT BY THE COURT.

E. Dalton, obtained a judgment on a promissory note on the 13th day of January, 1912, in the justice court for $161.60 against the appellee Jno. A. Gregory, the maker, and the appellants, Jno. G. Ray and Geo. H. James, the endorsers thereon.

Said Ray and James paid Dalton the full amount of the judgment, and took an assignment thereof on said date and on the 14th caused an execution to issue in Dalton's name against the property of Gregory for their benefit.

The sheriff levied the execution upon certain property of Gregory, who, after giving notice, filed a schedule claiming his exemptions therein, which were not allowed by the justice. Gregory appealed to the circuit court without giving bond, and the sheriff sold the property under the execution.

The circuit court rendered judgment in his favor, allowing the claim of exemptions, and the case was appealed to the Supreme Court and affirmed.

Afterward, on the 29th day of June, 1914, Gregory brought this suit in the circuit court against appellants for damages for the sale of his property under said execution, which was exempt from such sale.

Appellants answered, admitting the allegations of the complaint, and set up the Dalton judgment, of which they were assignees and owners, as a counterclaim thereto.

The agreed statement shows the facts as set out above, and the court instructed the jury to find for appellee such damages as they found the value of the property claimed exempt to have been at the date of the sale under execution, and also to find for appellants in the amount of their counterclaim, with 10 per cent. interest.

The jury assessed the damages for the sale of the property at $125, and found for appellants the amount of their judgment, $161.60, with 10 per cent. interest from February 14, 1914.

The court rendered judgment in Gregory's favor against Ray and James for the sum of $125 damages for the sale of his exempt property, and also gave judgment against him in favor of the appellants for the amount of the verdict and interest.

It further adjudged that the judgment against appellants for the value of the exempt property sold under execution at their instance was exempt against the set-off or counterclaim of appellants for their judgment against him from which last judgment this appeal is prosecuted.

Appellants *pro se.*

The court erred in declaring the judgment in favor of appellee to be exempt from any set-off or counterclaim of appellants.

The judgment in favor of appellants against appellee is not a judgment for debt due upon contract, but a judgment by a surety against a principal for an obligation created by statute, and appellee's judgment is not exempt against the set-off or counterclaim of appellants. They are entitled to recoup for the money paid out for their principal. Kirby's Dig., § 6098; 98 Ark. 125, and authorities cited.

The judgments should have been set off, one against the other, and judgment rendered for the difference. Kirby's Dig., § 6238.

*S. A. D. Eaton,* for appellee.

Appellants created appellee's cause of action by their wrongful act in causing his property to be sold under execution, after he had legally claimed the same as exempt from sale under the execution. The court, in good conscience, could not permit appellants to profit by their own wrong, and thus accomplish indirectly what they were prohibited by law from doing directly. The judgment is right on principle, and should be affirmed. 11 Ark. 378; 16 Cyc. 144.

Appellants' claim was not such as could properly be used as a counterclaim in this action. Kirby's Dig., § 6099. It was a mere chose in action created by statute.

*Id.,* § 7918.  See, also, 48 Ark. 396; Pomeroy on Remedies (4 ed.), 651-664.

KIRBY, J., (after stating the facts).  Appellants contend that the court erred in refusing to allow their judgment against appellee set off against his judgment against them, and in declaring appellee's judgment exempt from such set-off.

(1-2)  It is true that appellee did not claim the amount of his judgment exempt against set-off of the judgment of appellants against him in this proceeding, but his judgment was for damages for the value of property allowed him by law exempt from execution caused to be sold by said appellants, and of which they received the proceeds, and since the whole proceeding was but to enforce his claim of exemptions and procure the benefit of the exemptions allowed him by law, there was no necessity that a further formal claim or schedule of such judgment as exempt should have been filed at the time of the rendition of the judgments herein.  Appellants had appellee's exempt property sold for the payment of their judgment, and the proceeds of the sale credited thereon. They had the right to have such sale made as the justice had disallowed appellee's claim of exemptions in the former suit, and he had appealed to the circuit court without giving bond, but since the claim had been properly made and was thereafter allowed by the circuit court, they were bound to the repayment of the value of the property sold after it was held to be exempt from the execution, and this without regard to whether appellee was indebted to them upon their judgment or otherwise. *Fultz v. Castleberry,* 81 Ark. 271.

(3)  While it is true that judgments for recovery of money may be set off against each other, the set-off is to be ordered by the court "having due regard to the legal and equitable rights of all persons interested in both judgments." Kirby's Digest, section 6238.

No motion was in fact made in the court below for such set-off and no error was committed in not setting said judgments off against each other. *Atkinson v. Pittman,* 47 Ark. 464.

If appellants were permitted to set their judgment off against that of appellee recovered against them for the value of his exempt property sold by them, he would be deprived of his exemptions and compelled to have the property applied to the payment of the very judgment against which he claimed it exempt from execution, as he had the right to do. There was no necessity for any further claim of exemption to be made since the complaint set out fully the former proceedings, the judgment obtained and the claim of exemptions made and allowed by the circuit and Supreme Courts, and asked damages for the value of the exempt property sold under the execution.

Affirmed.