BERRINGER *v.* STEVENS.

Opinion delivered October 11, 1920.

1. INFANTS—RIGHT TO ATTACK DECREE ON REACHING MAJORITY.—Where a conveyance by a father to his infant children was set aside as a fraud upon his creditors, such infants, having an interest in the land which they could divest only by conveyance, are entitled, under Kirby's Digest, § 6248, to show cause against the decree within twelve months after arriving at the age of twenty-one years.

2. INFANTS—RIGHT TO SHOW CAUSE AGAINST JUDGMENT—VALID DEFENSE.—Under Kirby's Digest, § 4434, providing that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a "valid" defense to the action, a decree rendered against one during infancy can not be set aside on his reaching majority, under Kirby's Digest, § 6248, until he shows a valid defense; the word "valid" being equivalent to "meritorious."

3. INFANTS—PROCEEDING TO SET ASIDE JUDGMENT—MERITORIOUS DEFENSE.—In a proceeding by an infant, when reaching majority, to set aside a decree previously rendered against him, a defense against the decree that it was based on a cause of action that was barred presents a meritorious defense.

4. JUDGMENT — UNAVOIDABLE CASUALTY EXCUSING DEFAULT.—A default judgment rendered against a defendant who had a meritorious defense and had engaged counsel to represent him will be set aside as for "unavoidable casualty," within Kirby's Digest, § 4431, where the trial court inadvertently entered judgment by default after excusing defendant's counsel for the term.

5. JUDGMENT—LIMITATION A MERITORIOUS DEFENSE.—The defense of the statute of limitations is a valid or meritorious one, such as will support the vacation of a judgment.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*H. F. Roleson* and *C. W. Norton,* for appellant.

1. We base our appeal on three principal grounds, viz: (1) The remedy by bill of review or statutory pro-

ceedings for vacating the judgment after the term was not available to plaintiff's, as they had a full and adequate remedy by appeal from the decree sought to be vacated; (2) until a meritorious defense is alleged and proved a decree may not be vacated after the term. The only defense alleged is the statute of limitations. This is not a valid and meritorious defense for which a decree will be opened; (3) the facts alleged and proved do not constitute a case of unavoidable casualty or misfortune. The defense offered by the answer for the minor defendants inured to the benefit of all the defendants. 71 Ark. 1; 77 *Id.* 299; 86 *Id.* 304; 94 *Id.* 347; 77 *Id.* 103. The condition of infancy was apparent from the record and the remedy was by appeal exclusively. 93 Ark. 108; 23 Cyc. 890. The court therefore erred in refusing to dismiss the complaint in this cause.

2. No valid or meritorious defense was shown. Kirby's Digest, § 4434; 50 Ark. 458; 84 *Id.* 527-532; 94 *Id.* 347-350; 104 *Id.* 449-458. The plea of limitation is not valid nor meritorious so as to justify the opening of a decree after the term. 6 Ark. 447; 10 *Id.* 428-438-44; 47 N. E. 753; 46 Mo. App. 351; 90 Ark. 50; 10 Bush 617; 85 Ark. 272.

3. The "unavoidable casualty" alleged the absence of one of his attorneys on account of ill health of his child, was no ground to open up the decree. Sickness of the attorney is confined to cases where the attorney was the only attorney. 123 Ark. 445; 193 S. W. 508. Here there were two attorneys employed and authorized to appear and plead. Due diligence was not used, as J. B. Daggett, the attorney, discovered that the decree had been entered and waited three months to move to vacate. Diligence was not shown and is fatal.

*Daggett & Daggett,* for appellees.

1. The decree having been rendered against minors divesting their title, the right to show cause is saved to the minor only until one year after arriving at full age,

and the method is pointed out by section 4431, Kirby's Digest.

2. The defendants were prevented from appealing through unavoidable casualty or misfortune. Our statute governs and not that of Alabama. 88 Ark. 587. This case falls clearly within Kirby's Digest, §§ 4431, 6248; 70 Ark. 415; 103 *Id.* 67; 90 *Id.* 44; 113 *Id.* 332-7-8; 133 *Id.* 97-104.

3. The statute of limitations is a meritorious defense. 6 Ark. 447; 10 *Id.* 428, have no application. The plea of limitation is a valid and meritorious defense. 157 Cal. 192; 21 A. & E. Ann. Cases; 4 Harr. 527; 50 Am. Rep. 427; 11 N. E. 347; 61 L. R. A. 746; 21 Atl. 603; 1 Brev. 461; 5 S. D. 650; 45 Kan. 435; 23 Miss. 589; 14 Ore. 454; 2 Wendell 2444; 11 How. 454; 10 Wend. 595; 6 Rob. 419; 18 Ohio 240; 10 West, L. J., 505. Only a *valid* defense is necessary, not a *meritorious* one. 39 Cyc. 1115. A *valid* defense is sufficient. 93 Ark. 3.

4. The judgment was prematurely rendered. Kirby's Digest, § 6192, as amended by act 290, Acts 1915; Kirby's Digest, § 6194. Unavoidable casualty was shown. The only attorney was absent on account of sickness of child and excused by the court. 59 Ark. 162; 85 *Id.* 385; 128 *Id.* 269; 128 *Id.* 59.

WOOD, J. On the 6th of August, 1919, the appellant instituted an action against the appellees. She alleged that F. B. Stevens was indebted to her in the sum of $760.30, as evidenced by a judgment rendered in Alabama, of date September 25, 1905; that Stevens had deeded his minor children certain lands; that such deed was without consideration and therefore, void. She prayed that the deed be set aside and the lands subjected to her judgment. Service was duly had upon the appellees, and guardian *ad litem* was appointed for the minor defendants, who filed an answer for them. On the 18th day of September, at the July term, 1919, of the Lee Chancery Court, judgment was rendered in favor of the appellant (plaintiff in that suit) against F. B. Stevens and the other appellees, who were the defendants, for ap-

pellant's debt against F. B. Stevens, canceling the conveyance made by him to his children and subjecting the lands described in the deed to the payment of the judgment.

On December 19, 1919, the appellees instituted this action against the appellant to set aside the above judgment under the authority of section 4431 of Kirby's Digest, subdivisions 4th, 7th and 8th, as follows:

"4th.   For fraud practiced by the successful party in obtaining of the judgment or the order.

"7th.   For unavoidable casualty or misfortune preventing the party from appearing or defending.

"8th.   For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 6248."

The appellees alleged that they had a meritorious defense to the action in which the judgment, which they now seek to set aside, was rendered; that the judgment sued on, which was the foundation of the action by the appellant against the appellees, was rendered on the 25th day of September, 1905, and was barred by the ten-year statute of limitations at the time action was begun on it against the appellees. They further alleged specifically the facts upon which they relied to constitute unavoidable casualty, which will be referred to later on. Appellees prayed that the decree of the chancery court, which had been rendered in favor of appellant against them, be set aside.

The appellant answered, and among other things denied that the decree obtained by her in the chancery court against the appellees was obtained by fraud practiced upon the court; denied that there was no proper defense made for the minors; and denied that the plaintiffs were prevented by unavoidable casualty from appearing and defending against her action. She alleged that the guardian *ad litem* in all things complied with his duties under the law and made a proper defense for his infant wards. Appellant denied that appellees had a meritorious defense to the action in which her judgment was ob-

tained against them. She further denied specifically the facts as set forth in the complaint to constitute an unavoidable casualty. After hearing the testimony, the court rendered a decree in favor of appellees against the appellant, granting to appellees the relief prayed in their complaint. From that decree is this appeal.

The judgment of the Lee Chancery Court, which the appellees seek by this action to set aside, divested the title out of such of the appellees as were minors at the time that decree was rendered. The deed from F. B. Stevens to his minor children had the effect of vesting title in them. This deed was good between the parties. Since the decree of the chancery court in favor of the appellant against such of the appellees as were minors at the time that decree was rendered had the effect of divesting them of their title to the lands in controversy, and since they had a personal interest in the lands, to divest themselves of which would have required a conveyance on their part, the present case comes within section 6248 of Kirby's Digest. That section is as follows: "It shall not be necessary to reserve in a judgment or order, the right of an infant to show cause against it after attaining full age; but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment."

Construing the above statute in *Blanton* v. *Rose,* 70 Ark. 415, we said: "Where the effect of the decree is to divest the infant of an interest in land, or where a conveyance is required of an infant in lands where he has a personal interest under the ancient chancery practice, it would have been proper in such cases to reserve in the decree a day for the infant to show cause against it after becoming of age." In *Martin* v. *Gwynn,* 90 Ark. 446, we held that the above section applies to a suit against an infant to cancel a deed. See also *Purcell* v. *Gann,* 113 Ark. 332; *Estes* v. *Luckey,* 103 Ark. 97-104.

But, under section 4434 of Kirby's Digest, the appellees were not entitled to have the decrees vacated until they proved a valid defense to the action in which that decree was rendered. The word "valid," as used in the section last referred to, is synonymous with the word "meritorious." *State* v. *Hill,* 50 Ark. 458; *Broadway* v. *Sidway,* 84 Ark. 527; *Simpson & Webb Furniture Co.* v. *Moore,* 94 Ark. 347; *Quigley* v. *Hammond,* 104 Ark. 449-458.

Appellees set up and proved that the original action, in which judgment against them was rendered, was barred by the ten-year statute of limitations. Was this a valid defense? The action in this case to set aside the decree of the chancery court of Lee County, under sections 4431 and 6248, *supra,* was a direct and not a collateral attack upon that judgment. The original judgment rendered against the minor defendants was not taken by default against them. On the contrary, the facts herein show that they had answered by their guardian *ad litem* and had set up the ten-year statute of limitations. So, the case to as the appellees, who were minors at the time the judgment was rendered against them, bears no analogy to cases where a party, although sued and duly served with process, ignores the proceedings and allows judgment of default to be rendered against him.

Under section 6248, *supra,* the appellees, who were minors at the time judgment was rendered against them, are entitled to set up and prove that the statute of limitations was a meritorious defense to the action in which judgment was rendered against them. The appellee, F. B. Stevens, as well as the other appellees, were entitled also to have the judgment set aside because of unavoidable casualty. The facts concerning this are substantially as follows:

The firm of Daggett & Daggett is composed of J. B. and C. E. Daggett. While the firm does not accept separate employment, nevertheless, it was the custom of their office for each member of the firm to handle individual

matters especially intrusted to each, unless they were called in consultation. F. B. Stevens was anticipating that he would be sued by the appellant and had consulted J. B. Daggett and put him in possession of all the facts and records necessary to his defense in the event that he was sued. In the early part of July, 1919, J. B. Daggett, on account of illness in his family, was excused by the chancellor from attendance at the regular term of the Lee Chancery Court which convened on July 21, 1919. The chancellor informed J. B. Daggett that all business in which he represented clients would be passed, and that there would be no adjourned day of the chancery court held in September on account of the weather conditions and the illness of the chancellor's wife.

A suit by appellant against the appellee was filed on August 6th, service was had on August 12th, and Stevens immediately thereafter called at the office of Daggett & Daggett to see J. B. Daggett and found him absent in Colorado in attendance upon his sick child. He was told by C. E. Daggett to return about September 20th; that J. B. Daggett was expected to return home about that time. When J. B. Daggett returned on September 19, 1919, he found on his table in the office a copy of the complaint in the case of *Berringer* v. *F. B. Stevens et al.,* with a memorandum thereon in his brother's handwriting that Stevens would confer with him in reference to the case on the 20th. A few minutes after his return to his office, he was informed that a decree had been rendered in the case of *Rebecca Berringer* v. *F. B. Stevens et al.*

On the morning of September 18, 1919, C. E. Daggett was excused by the chancellor from attendance upon the court during the remainder of the September term, and on that day the decree was rendered in the case of *Berringer* v. *Stevens et al.*

Upon the above facts, the chancellor found that the appellees were prevented by unavoidable casualty from appearing and defending the action, and the court was

correct in so finding. For it is obvious that the court at the time it rendered the judgment in favor of Berringer against Stevens *et al.,* either did not know that the firm of Daggett & Daggett had been employed to represent Stevens, or else, if advised of such fact, the judge had overlooked the same. For, with the knowledge that he had excused both members of the firm from attendance upon the court, it is unreasonable to conclude that he would have permitted a judgment to be taken by default against F. B. Stevens in the absence of both members of the firm of Daggett & Daggett, who represented him. Upon this state of record, the court doubtless concluded that it was through the acts of the court itself, that F. B. Stevens had not filed an answer and was not present in person, or by counsel on the day the default judgment was rendered against him, and that, as far as Stevens was concerned, it was an unavoidable casualty. It occurs to us that such is the fact, and that Stevens had therefore had no opportunity to plead and set up his defense of the statute of limitations. "An act of the court shall prejudice no man, is a maxim founded," says Mr. Broom, "upon justice and good sense." Broom's Legal Maxims, p. 99; *Thweatt* v. *Knights and Daughters of Tabor,* 128 Ark. 269.

The defense of the statute of limitations is a valid or meritorious one. *Lilly-Brackett Co.* v. *Sonneman,* 157 Cal. 192; 21 A. & E. Ann. Cas. 1279, and case note 1282. The present case is clearly differentiated by the facts from the cases of *Pennington* v. *Gibson,* 6 Ark. 447, and *State* v. *Jennings,* 10 Ark. 428-438, upon which the counsel for appellants rely.

The decree is in all things correct, and it is therefore affirmed.

McCulloch, C. J. (dissenting). I can not agree to the conclusion that B. F. Stevens was prevented by "unavoidable casualty" from making his defense. On the contrary, his failure to make defense was due solely to the fault of his attorney, which is imputable to him.

*Scroggin* v. *Hammett Gro. Co.,* 66 Ark. 183; *Corney* v. *Corney,* 97 Ark. 117; *Blackstad Merc. Co.* v. *Bond,* 104 Ark. 45.

About two years before the commencement of this action against him and his children, he consulted Mr. J. B. Daggett, a member of the firm of Daggett & Daggett, concerning the merits of the claim against him— whether or not an action on the Alabama judgment was barred by the statute of limitations in this State. The action was begun while Mr. J. B. Daggett was absent from the State, and as soon as process was served on F. B. Stevens he went to the office of the firm and left a copy of the summons and a copy of the complaint with Mr. C. E. Daggett, the other member of the firm, who advised him of the absence of the other member and the date when he would return. J. B. Daggett did not return until after the special term of the chancery court, and was not aware of the commencement of the action until his return. It was therefore immaterial, so far as this case is concerned, that he was unadvised of the special term of the court, and even if he had known of that term of the court he would not have prepared for the defense in this action, for the simple reason that he had no reason to believe that the action had been commenced.

Mr. C. E. Daggett, notwithstanding the fact that his brother was a member of the firm giving attention to Stevens' case, was under duty to look after the interest of the firm's clients in the absence of the other member. It was his duty to ascertain when the court would convene and was also bound to take notice of the adjournment over for a special session. "It is the duty of a litigant to keep himself informed of the progress of his case," said this court in *Trumbull* v. *Harris,* 114 Ark. 493, "and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune, preventing him from defending, must show that he himself is not guilty of negligence, and he can not have relief if the taking of the judgment appears to have been due to his own carelessness." But, as a matter of fact, Mr.

C. E. Daggett was advised of the special term of the court, and, according to his testimony, he was in the courtroom on the day the decree was rendered in this case.

The majority base their conclusion, as I understand it, on the ground that the chancellor excused Mr. Daggett from further attendance, and that this supplies the necessary fact to make out a case of unavoidable casualty. The maxim that no one shall suffer by fault of the court is invoked. The weakness of the position is that Mr. Daggett had no right to rely, so far as this case is concerned, on the fact that the court excused him from attendance, as there is no evidence that he informed the chancellor that he and his partner were representing Stevens. There was no appearance in this case, and there was nothing to apprise the chancellor of the fact that the firm of Daggett & Daggett represented the defendants in this action. It was therefore not the fault of the chancellor that the decree was rendered after having excused Mr. Daggett from attendance on the court. If Mr. Daggett had informed the chancellor that his firm represented the defendants in this case, then it would have been wrong to render a decree in his absence after he had been excused by the chancellor, but such is not the fact of the case, and it seems to me that the fault is wholly with Mr. Daggett and not with the chancellor. Nor is there any intimation in the testimony that counsel for plaintiffs were advised that the firm of Daggett & Daggett had been employed to represent the defendants. For aught that appears to the contrary, counsel for the plaintiffs were acting in the utmost good faith in assuming that no defense was to be presented and that the way was entirely clear, without doing violence to anyone's rights, to proceed to a final decree at that term of the court.

The failure to make defense was one of those regrettable instances where justice fails, but relief should not be afforded to the party who was at fault. It is no reflection on the attorney to say that he was at fault in

a matter of that kind, for it is a thing that might occur with any business man, but when we adjudicate the rights of parties we can not overlook such fault and make the omission which it caused the basis of relief. I am therefore of the opinion that the personal decree against F. B. Stevens should not have been vacated. I agree fully with the conclusion reached in regard to the infant defendants.