COOK *v.* CRAMER COTTON COMPANY.

Opinion delivered November 13, 1922.

1. APPEAL AND ERROR—JUDGMENT ON SUPERSEDEAS BOND.—Where default has been made in the prosecution of an appeal from a money judgment of the circuit court, there is no authority for appellee to proceed under Crawford & Moses' Dig., §§ 6250-1, to procure a summary judgment on a supersedeas bond, given in contemplation of the appeal.

2. JUDGMENT—SUMMARY PROCEEDING.—Proceedings for summary judgment are in derogation of the common law, and can be pursued only in those cases in which express authority therefor is found in the statutes.

3. APPEAL AND ERROR—REMEDY ON SUPERSEDEAS BOND.—Where a supersedeas bond is executed, and the appeal is perfected, the Supreme Court can enter judgment on the bond for failure to prosecute the appeal, but where the appeal is never perfected, the only remedy is an action at law on the bond.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; reversed.

*R. M. Hutchins,* for appellant.

There is no statutory authority for a summary judgment against sureties under the state of facts here. See secs. 6250-6251, C. & M. Digest. The statute is highly penal and must be strictly followed. 107 Ark. 361; 132 Ark. 484. Even a surety who has paid a judgment for his principal is not entitled to a summary judgment. 107 Ark. 361. The injunction was a complete defense. 2 Cyc. 950; 6 C. J. sec. 264, p. 711; 23 Cyc. 769.

The filing of a bond below does not remove the case to the Supreme Court, but the matter stands as a superseded judgment and can only be removed to the Supreme Court in one of the modes prescribed by law. 11 Ark. 631; 93 Ark. 222; 84 Cal. 433; 23 Pac. 1102.

The remedy is the same as on other bonds—not by sumary proceeding.

*Brundidge & Neelly,* for appellee.

The execution of the bond made appellants parties to the suit, and as such appellee was entitled to summary judgment against them, without notice being served on

them. 32 Ark. 206. See also *Morse* v. *Burkhart Mfg. Co.,* 154 Ark. 362.

SMITH, J. On February 22, 1921, the Cramer Cotton Company recovered a judgment in a suit upon a promissory note for $2,740 in the Woodruff Circuit Court against E. B. Matkin, who prayed an appeal to the Supreme Court, and executed a supersedeas bond with E. S. and C. L. Cook as sureties. The appeal was never perfected, and on February 10, 1922, the plaintiff, Cramer Cotton Company, caused notice to be served on the sureties that application would be made on February 21, 1922, to the circuit court for a summary judgment against them as sureties on the supersedeas bond. Pursuant to this notice, the application for summary judgment was made in the form of a motion, and the circuit court made the order prayed and rendered judgment against the sureties for the amount of the original judgment with the accrued interest, and this appeal is from that judgment.

It appears that plaintiff below, appellee here, proceeded under sections 6250 and 6251, C. & M. Digest, in recovering the judgment appealed from. We find nothing in either of those sections to authorize this proceeding. Indeed, we know of no statute which affords authorization for this proceeding.

Proceedings for summary judgment are in derogation of the common law, and such judgments can be rendered in those cases only in which express authority therefor is found in the statute, and, as we have said, we know of no statute authorizing the judgment rendered herein. *Prairie Creek C. M. Co.* v. *Kittrell,* 107 Ark. 361; *Milor* v. *Farrelly,* 25 Ark. 353.

Had the plaintiffs herein perfected the appeal to this court in the time and manner provided by law, judgment could have been rendered here on the supersedeas bond for failure to prosecute the appeal; but this was never done. Plaintiff's only remedy, therefore, is the ordinary suit at law on the bond.

The judgment of the court below will be reversed, and the cause dismissed.