PEEL & COMPANY *v.* MOONEY.

Opinion delivered February 11, 1924.

JUSTICE OF THE PEACE—APPEAL BOND—LIABILITY OF SURETIES.—Where the circuit court, on defendant's appeal from an order of a justice of the peace dismissing the schedule of defendant claiming property levied on as exempt from execution, affirmed the judgment of the justice of the peace and directed defendant to restore the property levied on or to account for its value, plaintiff was not entitled to summary judgment for the amount of the judgment rendered for him on defendant's appeal bond, exe-

cuted under Crawford & Moses' Dig., § 6531, since the appeal was not from the money judgment of the justice of the peace, but was from the order of a justice allowing the claim of exemptions, and the sureties were liable only for the satisfaction which plaintiff would have obtained, had the bond not been executed and the property then released.

Appeal from Craighead Circuit Court, Lake City District; *W. W. Bandy,* Judge; affirmed.

*J. F. Johnston* and *Gautney & Dudley,* for appellant.

The court erred in refusing to render judgment against the sureties on the appeal bond. C. & M. Digest, § 6531.

*Appellee pro se.*

SMITH, J. Appellant recovered judgment in the court of a justice of the peace for $86.42 against appellee Mooney, on January 20, 1923. An execution was issued on the judgment, and, on February 17, 1923, Mooney filed a schedule, claiming the property levied on as exempt. A motion to dismiss the schedule, as having been filed without notice, was made and sustained. Thereupon Mooney filed an affidavit for appeal, and executed a bond conditioned as follows: "We, the undersigned, Jim Mooney and ............................................ , acknowledge ourselves indebted to Hal H. Peel & Company in the sum of $200, to be void upon this condition: whereas Hal H. Peel & Company has obtained judgment against said Jim Mooney, in the sum of $86.42, before the above named justice of the peace, and whereas defendant filed his schedule of exemptions, which was by the court refused, and from which order defendant has appealed; now, if said appellant shall prosecute his appeal with due diligence to a decision, and if, upon such appeal, the order of the court rejecting said schedule be affirmed, or if his appeal be dismissed, he shall pay the judgment of the justice of the peace, together with the costs of the appeal, then this bond shall be null and void, otherwise to remain in full force and effect." Signed by John B. Walker and E. M. Stotts as sureties.

The cause came on for trial on the appeal in the circuit court, and the defendant made default, whereupon the court, on motion of the plaintiff, affirmed the judgment of the justice of the peace, but denied the plaintiff's motion for judgment against the sureties on the bond, and the plaintiff has appealed.

Plaintiff, the appellant here, insists that the judgment should have been rendered against the sureties, under the authority of § 6531, C. & M. Digest, which reads as follows: "Section 6531. In all cases of appeal from a justice of the peace, if the judgment of the justice be affirmed, or if, on trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his securities in the appeal bond."

In the case of *Fultz* v. *Castleberry*, 81 Ark. 271, a judgment was recovered against Castleberry in the court of a justice of the peace, and a bale of cotton was levied on, which he undertook to claim as exempt from the levy of the execution. His claim of exemptions was not allowed by the justice of the peace, and he appealed from this order to the circuit court, but gave no appeal bond, and the cotton was sold under the execution. The excess which the cotton brought over the judgment was tendered Castleberry, but he declined to accept it, and, after the circuit court had sustained his claim to the cotton as exempt, which it did upon final hearing, he sued the officer for the value of the cotton. The court held that Castleberry could only hold the officer for the sum in excess of the judgment which the cotton brought, as he had given no supersedeas bond, and that only the plaintiff in the judgment was liable for the value of the cotton. In holding this the court pointed out that the statute regulating appeals from judgments of justices of the peace applied, and that the exemption laws permitted the debtor to execute a supersedeas bond in such cases (Kirby's Digest, § 3908), and that Castleberry could not stay an execution in such cases without giving the bond

which the statute requires one to give who wishes to stay the enforcement of a justice's judgment pending the appeal. Section 5551, C. & M. Digest.

There was statutory authority therefore for the execution of the bond set out above, and the sureties thereon are liable according to its terms. But it will be observed that the bond was not conditioned to perform or to pay the judgment of the justice. It was sought only by the appeal to perfect the claim of exemptions, and, as the claim of exemptions was not allowed, the sureties have become liable to the plaintiff in the judgment.

But for what are they liable? The purpose and effect of the bond was to secure the release of the property which the constable had taken into custody under the execution. The bond took the place of the property, and it is for the property, or its value, that they became liable upon the rendition of the judgment of the circuit court disallowing the claim of exemptions. There appears to have been no authority for the circuit court to render judgment for the original debt, as no appeal had been prosecuted from that judgment. But the judgment of the circuit court fixed the liability of the sureties on the bond, and that liability is to restore the property or to account for its value. Of course, this liability to the plaintiff cannot exceed the amount of the judgment, whatever the value of the released property may have been, as the plaintiff is entitled to nothing more than the satisfaction of the judgment.

As was said in the case cited, the judgment debtor might have appealed from the order of the justice refusing to allow his claim of exemptions without executing the bond, and, if this claim had been allowed by the circuit court, on appeal, he could have held the plaintiff in the judgment liable for the value of the property wrongfully sold. *Fultz* v *Castleberry, supra.* But he had the right to give bond, which operated to release the property from the officer's levy, and this is what the defendant in the instant case did, and the effect of this bond, under the circumstances of the case, is to make the sureties liable

for the property so released, or its value, not exceeding the amount of the judgment.

Plaintiff is not entitled, however, to a summary judgment against these sureties, for the reason that the statute does not so provide. In *Cook* v. *Cramer Cotton Co.,* 155 Ark. 549, the facts were as follows: The cotton company recovered judgment against Matkin in the circuit court, and an appeal was prayed to the Supreme Court, and a supersedeas bond, as provided by statute, was executed, with Cook as surety. The appeal was never perfected, and the plaintiff cotton company caused notice to be served on the sureties that a motion for summary judgment against them would be made at the next term of the court. Pursuant to this notice, judgment was rendered as prayed, and an appeal was prosecuted by the sureties to this court. We reversed this judgment, and, in doing so, said: "Proceedings for summary judgment are in derogation of the common law, and such judgments can be rendered in those cases only in which express authority therefor is found in the statute, and, as we have said, we know of no statute authorizing the judgment rendered herein. (Citing cases)." We there said that, if the plaintiffs had perfected an appeal but had thereafter failed to prosecute it, judgment could have been rendered here on the supersedeas bond for the failure to prosecute the appeal, but, as this was not done, the plaintiffs' only remedy was an ordinary suit at law on the bond.

So here, if an appeal had been prosecuted to the circuit court from the judgment of the justice for debt, the circuit court should and would have rendered judgment against the sureties on the bond upon dismissing the appeal; but the appeal was from the order of the justice disallowing the claim of exemptions, and the sureties are liable only for the satisfaction which the plaintiff would have obtained, had the bond not been executed and the property thus released. This satisfaction cannot be had summarily, for the statute has not so provided, and can only be obtained by an ordinary suit at law on the bond.

As plaintiff was not entitled to the judgment prayed for in the circuit court, the judgment of that court must be affirmed, and it is so ordered.