480

5-2877                                                  366 S. W. 2d 889

Opinion delivered April 22, 1963.

*Luke Arnett* and *Herrn Northcutt,* for appellant.

*Mark E. Woolsey,* for appellee.

SAM ROBINSON, Associate Justice. On the 9th day of July, 1952, the Administrator of the Employment Security Division of the State Labor Department filed with the Circuit Clerk of the Franklin Circuit Court, a certificate of assessment of contributions levied against appellee, Paul Mayner, under authority of the Arkansas Employment Security Act, Ark. Stats. 81-1115 - 81-1122. On September 12, 1961, appellant caused an execution to be issued on said assessment which, according to the statute, has the force and effect of a judgment. On November 1, 1961, appellee filed this action petitioning the court to set aside the purported judgment and to quash the execution, contending that the recorded assessment does not have the force and effect of a judgment; that it is invalid and void. The court granted the petition, set aside the judgment, and quashed the execution. The Commissioner of Labor has appealed.

Ark. Stats. 81-1117(e) provides: "If any person, firm, or corporation shall become delinquent in the payment of any contribution or interest or penalties required to be paid by the act, it shall be the duty of the Administrator, when the amount of such contribution, interest, and penalties is determined, either by the report of the employer or by such investigations as the Administrator may have made, to assess the contributions, interest and penalties so determined against such delinquent employer, and to certify the amount of such contributions, interest, and penalties to the Commissioner, and mail or otherwise deliver a copy of said assessment to the delinquent employer. At the end of ten [10] days thereafter, said assessment shall become *prima facie* correct, and the Administrator shall certify the amount of said delinquent contributions, interest, and penalties to the clerk of the circuit court of the county wherein the employer is domiciled or has a place of business and it shall be the duty of the clerk to file such certificate of record and to enter the same in the record of the circuit court for judgment and decrees under the procedure prescribed for filing transcripts of judgments by sections 8440 and 8442 of Pope's Digest of the Statutes of Arkansas, 1937 [§§ 26-1121, 26-1123], and thereupon the said assessment shall have the force and effect of a judgment of the circuit court. Execution shall thereupon be issuable, at the request of the Administrator, his agent or attorney, or any other employee of the Employment Security Division of the Department of Labor of the State of Arkansas, forthwith by the clerk of the circuit court, directed to the sheriff, who shall make a levy on any property, assets, or effects of the employer against whom the contribution is assessed."

Appellee Mayner contends, and the trial court held, that the certificate filed with the circuit clerk is null and void because it shows on its face that ten days had not elapsed from the time the Administrator made the assessment of delinquent contributions until the certificate of delinquency was executed. The matter was certified by the Administrator to the Commissioner of Labor on the 27th day of June, 1952, and on the 7th day of July,

the Administrator certified that ten days had expired. Appellant contends that even if it is conceded that under the wording of the statute the first and last day should be excluded and therefore ten days had not expired, the appellee still cannot prevail.

There is no allegation or showing that appellee has a meritorious defense to the assessment. Appellant points out that under our statute and decisions, a judgment shall not be set aside until there is a showing of a meritorious defense to the action in which the judgment is rendered. Ark. Stats. 29-509 provides: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered. . . . ". In *Overton* v. *Alston,* 199 Ark. 96, 132 S. W. 2d 834, it was held that a judgment could not be set aside on certiorari even though erroneous and void, unless it appears from the petition that petitioner has a meritorious defense to the action. See also *St. Louis & San Francisco Railroad Co.* v. *Bowman,* 76 Ark. 32, 88 S. W. 1033. In *Berringer* v. *Stevens,* 145 Ark. 293, 225 S. W. 14, it was held that "valid" as used in the statute, is synonymous with the word "meritorious". See also *Haville* v. *Pearrow,* 233 Ark. 586, 346 S. W. 2d 204; *Alexander* v. *Jones,* 233 Ark. 708, 346 S. W. 2d 692.

Appellee contends that there is a distinction between a judgment and the assessment filed with the clerk in this case, which, according to the statute, has the force and effect of a judgment. We can see no valid distinction between a judgment and a recording having the force and effect of a judgment. The two are synonymous. There was an analogous situation in *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S. W. 2d 876, where the court said: "The effect of this action on the part of appellee under the section of the statute, *supra,* was to transfer completely the judgment from the justice court, an inferior court, to the circuit court, a superior court, and to give this judgment *the same force and effect,* and the same remedies for enforcement, as if the judgment had been originally rendered by the superior court." (Our italics).

Here, the statute provides that when the assessment is filed with the clerk it shall have the force and effect

of a judgment. This being true, it cannot be set aside until there has been a showing of a meritorious defense.

Reversed and remanded for further proceedings not inconsistent herewith.

JOHNSON, J. dissents.

JIM JOHNSON, Associate Justice (dissenting). In reversing this case the majority has indulged an assumption that is, in my view, contrary to the record. The majority has assumed the judgment which the trial court set aside is valid on its face, when in fact the record reveals unequivocally that it is not *prima facie* correct or *valid* on its face. The law on this question has long been settled by *Woodburn* v. *Driver,* 81 Ark. 333, 99 S. W. 384 (83 C.J.S. p. 794), where this court held that a judgment in a summary proceeding must be such as is authorized by law. Was this judgment authorized by law?

The record reveals that the Administrator of the Employment Security Division of the State Labor Department proceeded under Ark. Stats. §§ 81-1115 - 81-1122. As provided under § 81-1117(e), the Administrator is to notify a delinquent employer of an assessment against the employer. This section further provides: ''At the end of ten [10] days thereafter, said assessment shall become *prima facie* correct, and the Administrator shall certify the amount of said delinquent contributions, interest and penalties to the clerk of the circuit court of the county wherein the employer is domiciled or has a place of business and it shall be the duty of the clerk to file such certificate of record and to enter the same in the record of the circuit court for judgment and decrees under the procedure prescribed for filing transcripts of judgments by sections 8440 and 8442 of Pope's Digest of the Statutes of Arkansas, 1937 [§§ 26-1121, 26-1123], and thereupon the said assessment shall have the *force and effect of a judgment of the circuit court.''* [Emphasis mine.]

This is clearly a summary proceeding and the strict construction which we are forced to give it, *Files* v. *Robinson & Co.,* 30 Ark. 487; *Prairie Creek Coal Mining Co.* v. *Kittrell,* 107 Ark. 361, 155 S. W. 496, 50 Am. Jur.,

Statutes, § 406, makes it mandatory that any judgments rendered pursuant to these statutes conform to the very letter of the law.

The record shows, and it is not contended otherwise by the majority, that the Administrator was premature in filing the certificate of assessment. This premature action does not follow the strict letter of the statute invoked by the Administrator. It naturally follows, therefore, that this premature action taken by the Administrator deprives that action of any force of law rendering the action nugatory and invalid upon its face, and thereby making it unworthy of taking on the "force and effect" of a judgment of the circuit court.

This being true I cannot escape the conclusion that in the absence of a judgment, Ark. Stats. § 29-509 does not obtain to a summary proceeding such as is here presented.

For the reasons stated, I respectfully dissent.