CHAMBLISS *v.* REPPY.

Decided May 30, 1891.

1.  *Judgment—Proceeding to vacate—Fraud.*
    A judgment by default, procured through the representation of plaintiff's attorney that there was a return of service of process, when in fact there had been no service and no return of service by the officer, is a judgment obtained through "fraud practiced by the successful party," within the meaning of the fourth subdivision of section 3909 Mansf. Dig., though the the attorney acted under a mistake.

2.  *Vacating judgment—Defense.*
    A judgment against a defendant obtained through the fraud of the plaintiff will not be vacated at a subsequent term "until it is adjudged that there is a valid defense to the action in which the judgment was rendered;" if the defense is partial, the judgment should be modified *pro tanto.* (Mansf. Dig., sec. 3912.)

APPEAL from *Nevada* Circuit Court.

C. E. MITCHEL, Judge.

Chambliss recovered judgment by default against Reppy, and procured an execution to be levied upon certain lands. Before sale Reppy filed a petition to recall and quash the execution and restrain the issuance of further executions on the judgment, upon the ground that the judgment was ren-

dered without notice and for a large amount in excess of what he owed Chambliss. The testimony tended to show that there had been no service of process upon Reppy, and no return of service made; that the judgment was obtained upon the representation to the court, made by Chambliss' attorney through mistake, that a proper return, showing service of process, had been made.

The court found that no process had been served upon Reppy, declared the judgment and execution void, and restrained the issuance of further executions thereon. Chambliss has appealed.

*J. M. Montgomery* for appellant.

1. The petition fails to set up any defense to the action. Mansf. Dig., sec. 3912; 50 Ark., 458. The bare statement that the judgment was in excess of the amount he owed was not a defense. 32 Ark., 97; 37 *id.*, 599. See also 73 Am. Dec., 639.

2. The recitals of the judgment that defendant was served with process before judgment are evidence of that fact. Mansf. Dig., sec. 5202; 25 Ark., 60. Such a record is an absolute verity. Freeman on Judg. (3d ed.), sec. 122; Wade on Notice, sec. 1370. Jurisdictional facts are conclusively presumed, in case of a court of general jurisdiction, unless the record shows the contrary. 79 Am. Dec., 244. To entitle a party to enjoin a judgment, he must show, not only that the judgment was unjust, but that it was not the result of any inattention or negligence on *his* part. 43 Ark., 107; see also 33 Ark., 778.

*Smoote, McRae & Arnold* for appellee.

1. Although the record recites notice, still if it appears that no notice has been given, and it is alleged and shown that a meritorious defense could have been made, the judgment is void. 27 Ark., 20; 8 S. W. Rep., 401; Mansf. Dig., secs. 5201–2, 2988 to 2990.

2. Appellee did allege and show a meritorious defense. It was alleged that the judgment was largely in excess of

what plaintiff was entitled to recover. This was nct denied, and no proof was necessary. Mansf. Dig., sec. 5072. It was not necessary for appellee to tender what was due. Authorities *supra*; Mansf. Dig., sec. 5201.

*Montgomery & Moore* for appellant.

Sec. 3912, Mansf. Dig., coming after subdivisions 4 and 7, sec. 3909, must govern in this case. The petition set up neither payment, set-off nor counter-claim, and presented no defense. 5 A. & E. Enc. Law, 4962, note 1; 25 Kans., 13; Freeman on Judg., secs. 108, 498; 80 Am. Dec., 336. The amount due should have been paid or tendered. High on Inj., secs. 130, 138; 50 Ark., 458. If appellee is entitled to relief, it should be only on terms. Freeman on Judg., sec. 498; 117 U. S., 675; 50 Ark., 458; Mansf. Dig., sec. 3912; 67 Am. Dec., 456. Thus preserving all liens and securities. *Ib.*

COCKRILL, C. J. This is a proceeding at law, under section 3909 of Mansfield's Digest, to set aside a judgment rendered by the court at a previous term. The contention was that there was no service of process upon the judgment defendant, and no return of service by the sheriff or other officer, but that the judgment had been rendered upon the representation of the plaintiff's attorney that there was a proper return of service. The complaint alleged a partial defense to the cause of action upon which the challenged judgment was based. The court disregarded the latter issue, and, after a trial directed by it upon the first issue only, annulled the judgment of recovery.

*1. Vacating judgment for fraud.*

If the judgment was in fact obtained by the plaintiff's attorney, upon the representation that there was a return of service of process, when in fact there had been no service and no return of service by the officer, then the judgment was obtained through "fraud practiced by the successful party," within the meaning of the fourth subdivision of section 3909 *supra*, even though the attorney acted under a misapprehension of the true state of facts.

2. Defense to fraudulent judgment.

But section 3912 of Mansfield's Digest, which is a part of the same chapter of the civil code of procedure from which section 3909 is taken, provides that such a judgment shall not be vacated "until it is adjudged that there is a valid defense to the action in which the judgment was rendered." The court erred in disregarding this provision of the statute. *Boyd* v. *Roane*, 49 Ark., 397, 417. For this error the judgment must be reversed, and the cause remanded for a new trial.

When the complaint in this cause was filed, the judge in vacation enjoined the execution of process upon the judgment until the cause could be heard, under the authority of *Shaul* v. *Duprey*, 48 Ark., 331. The temporary restraining order will be continued in force subject to the order of the circuit court.

It is so ordered.