MERRIOTT *v.* KILGORE.

4-5918                                      139 S. W. 2d 387

Opinion delivered April 15, 1940.

*J. B. Milham,* for appellant.

*Leland F. Leatherman,* for appellee.

MEHAFFY, J.   In September, 1936, the Federal Land Bank of St. Louis filed suit in the Saline county chancery court against J. D. Kilgore to foreclose a mortgage which Kilgore had made to it to secure an indebtedness of approximately $3,000.   The mortgage included something like 270 acres of land in Saline county and a number of persons were made defendants in the foreclosure suits, among them J. T. Merriott, appellant.

Appellant filed answer in the foreclosure suit on January 7, 1937, and a cross-complaint against the Federal Land Bank and J. D. Kilgore, in which he alleged that he was the owner of ten acres of the land described in the complaint, being the north half of the north half of the northwest quarter of the northeast quarter of section 12, township 1 south, range 18 west; that he had owned and occupied said land for the past twenty years, paid taxes thereon, built fences, and denied that the mortgage covered this land; but stated that in case said mortgage covers said land, the mortgage is a cloud upon his title, and the same should be canceled in so far as it affects this ten acres of land.

The Federal Land Bank served J. D. Kilgore with summons September 29, 1936.   All of the defendants in the foreclosure suit were served with summons.

J. D. Kilgore filed no answer, and made no appearance in the suit, and the attorney for J. T. Merriott and the attorney for the Federal Land Bank agreed that Merriott would pay to the bank $50 and a decree would be entered quieting the title in said Merriott.   This agreement was carried out, the $50 paid to the land bank, and a decree rendered.   The Federal Land Bank gave J. D. Kilgore credit on his note and mortgage for the $50 paid by Merriott, and with this $50 and some additional money paid to the Federal Land Bank, it took a non-suit and gave Kilgore more time in which to pay his debt.

Thereafter, the bank filed a new foreclosure suit against J. D. Kilgore, foreclosed the mortgage and bought the land in for the judgment and costs.

The decree quieting and vesting the title to the ten acres in Merriott was rendered on May 17, 1937. On March 18, 1939, nearly two years after the decree, the motion in this case was filed in the original suit to set aside the decree in which the title to the ten acres was quieted in Merriott, stating in the motion that the court was without jurisdiction.

The decree quieting title in Merriott recites that Kilgore had been served with summons, but that he made default and that the cause was submitted to the chancellor upon the cross-complaint of Merriott and oral testimony before the court introduced on behalf of Merriott, and the court found that the ten acres belonged to Merriott and should be held free and clear from any lien or incumbrance by reason of the mortgage.

The motion filed by Kilgore to vacate the decree reads as follows:

"Comes now the defendant, the above named J. D. Kilgore, appearing specially for this purpose, and moves the court to set aside and vacate the decree rendered in this cause in favor of the cross-complainant, J. T. Merriott, and against the above named cross-defendant, J. D. Kilgore, on the 17th day of May, 1937, in which it was decreed that the title to the following described land was vested and quieted in cross-complainant, J. T. Merriott, to-wit:

"The north-half of the north-half of the northwest quarter of the northeast quarter of section 12, township 1 south, range 18 west; in Saline county, Arkansas, containing 10 acres more or less; Said decree appears of record in Chancery Record 'I' at page 207, of Saline county, Arkansas.

"And as ground for such relief shows to the court: 1. That the court was without jurisdiction to render said decree; 2. that no process or order of court was issued by the clerk on said cross-complaint; 3. that no process or order of court issued on said cross-complaint was served on this defendant either actually or constructively; 4. that no summons was issued by the clerk on said

cross-complaint; 5. that this cross-defendant was not actually or constructively summoned to answer said cross-complaint; 6. that this cross-defendant had no actual notice of the filing and pendency of the said cross-complaint; 7. that this cross-defendant has a good, valid and meritorious defense to said cross-complaint in that the cross-complainant has not and had not at the commencement of the cross-action any legal or equitable estate in, nor is or was he entitled to the possession of said described real estate; and that the cross-defendant is and was the legal and equitable owner of said real estate above described and is in the possession thereof; 8. that the cross-complainant ought not to have or maintain his aforesaid cross-action against this cross-defendant, because he says that a judgment was rendered for the same cause of action, to-wit, at the term of the circuit court of Saline county, begun and held at Benton within and for the county of Saline on the 12th day of December, 1931, a record whereof remains in the circuit clerk's office; and this the cross-defendant is ready to verify by the said record.''

The appellant, Merriott, filed a response to this motion specifically denying every allegation in said motion, and alleging that said decree was rendered in May, 1937, after Kilgore had been duly served with summons for more than twenty days; that Merriott paid the Federal Land Bank $50 on the date the decree was rendered, and the bank paid this money over to Kilgore as a credit on his note and mortgage; that Kilgore accepted this money and still has the benefit of it; that Merriott had been in possession of said land for many years, is still in possession, and has paid taxes thereon for many years past.

The court then, without hearing any evidence, tried the case on the motion and response to said motion, and entered a decree setting aside the former decree.

Section 8246 of Pope's Digest provides for the manner and procedure of setting aside, vacating or modifying a judgment after the expiration of the term.

Section 8248 of Pope's Digest provides that the proceeding to vacate a judgment shall be by complaint, verified by affidavit, and the grounds to vacate or modify and shall state the defense to the action.

It will be observed from the motion above copied that it was not verified, and while it states that he has a defense, this is not a compliance with the statute.

From the judgment and decree of the chancery court, appellant prosecutes this appeal.

It does not appear from the record that in the original foreclosure suit there was any summons served on Kilgore after the filing of the cross-complaint.

Section 1426 of Pope's Digest expressly provides that when a cross-complaint is filed against a co-defendant, he may be actually or constructively summoned.

However, the record conclusively shows that at the time the decree was rendered on the cross-complaint, Merriott, the appellant, paid $50 to the Federal Land Bank and that the bank credited Kilgore's note and mortgage with this money. This is not disputed. It must have been known to Kilgore very shortly after the foreclosure decree because the record shows that this $50 was paid and that it, together with other money paid by Kilgore, was sufficient to cause the bank to take a nonsuit and gave Kilgore more time to pay.

The appellee calls attention to the case of *Midyett v. Kirby,* 129 Ark. 301, 195 S. W. 674. In that case it was alleged that prior to the adjournment of the term in which the judgment was rendered, the court rendering the judgment made an order vacating it, but through oversight the vacating order was not entered of record. The court made a statement to the effect that he had no recollection of setting the original judgment aside, and the court there held that a trial court possessed inherent power to vacate its judgment during the term at which it was rendered, and the court said: "The sole question then to be determined upon this appeal is whether the court made an order vacating the judgment rendered on June 6th, before the expiration of the term

at which it was rendered.'' It is true the court said: ''The same chancellor who rendered the original decree considered this motion, therefore his finding is very persuasive.'' But the question at issue there is not involved in this case.

Appellee refers to the case of *Montague* v. *Craddock*, 128 Ark. 59, 193 S. W. 268. In that case, the counsel for the plaintiff filed what he termed a ''bill of review'' but it was, in effect, the court said, a motion under § 4431 of Kirby's Digest, and the court further said: ''A party moving to set aside a judgment or a decree rendered against him by default must state his defense and make a *prima facie* showing of merit in order that the court may determine whether he is injured by not being permitted to have the benefit of it.''

In the instant case the plaintiff stated in his motion that he had a meritorious defense. He did not, however, state what the defense was, nor make any showing at all. But the court set aside the former decree on the motion and response.

Appellee in this connection also calls attention to the case of *Parker* v. *Sims*, 185 Ark. 1111, 51 S. W. 2d 517. In that case the court said: ''Here there was no effort to introduce testimony, and the appellants stood upon their pleadings.'' But the court said also: ''It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence, and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness.'' The court in that case also said: ''The statute to vacate judgments by this proceeding is in derogation, not only of the common law, but of the very important policy of holding judgments final after the close of the term. Citizens must have confidence in the judgments of our official tribunals as settlements of their controversies, and there should be some end of them. Unless a case be clearly within the spirit and policy of the act, the judgment should not be disturbed.''

The record in this case shows that the foreclosure suit and cross-complaint of Merriott were tried nearly two years before this case, and the decree in that case shows it was tried on the pleadings and oral testimony. We have no record of the testimony, but it was evidently sufficient, in the judgment of the chancellor, to grant the decree.

In the instant case the statute was not complied with, the motion was not verified, and no evidence was heard, although the response denied every material allegation in the motion.

This court said: "It is a very significant fact in this record that none of the appellees testified that they did not know that the action was pending and of the proceedings had therein. Their verified complaint was denied, and therefore its allegations are not testimony and cannot be accepted as facts proved, even if it had been therein stated that the appellees did not know of the pendency of the action." *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575.

To get a judgment or decree set aside, vacated, or modified after the lapse of the term, the statutes above referred to must be complied with. To be sure, this court has said that a motion might be considered as a complaint, but if the motion is so considered, it must be verified and the statute complied with in other respects, and there must be not only an allegation of a meritorious defense, but there must be evidence of it. And on this motion neither party introduced any evidence, and the court based his decree on a consideration of the motion and response.

The decree of the chancery court is reversed and the cause is remanded with directions to dismiss the motion.