HAVILLE v. PEARROW.

5-2390

346 S. W. 204

Opinion delivered May 15, 1961.

*Eldridge & Eldridge,* for appellant.

*Lloyd Henry, Comer Boyett, Jr.* and *Victor Nutt,* for appellee.

CARLETON HARRIS, Chief Justice. On January 2, 1959, appellees, Carl Pearrow and wife, filed a substituted complaint against appellants, Duke Haville and wife, for damages resulting from an automobile collision, the complaint alleging appellants to be residents of Zachary, Louisiana, and former residents of Russell,

White County, Arkansas.[1] Summons was issued and served upon the Secretary of State by the Sheriff of Pulaski County. A registered letter, with return receipt requested, was sent to appellants at Zachary, and returned, with a notation in the upper right hand corner of the envelope, ''Notified 3/4/59'', and a check mark by the words, ''Moved, left no address.'' No answer was filed, and on April 20, 1959, a default judgment was entered against appellants in the total amount of $2,676.03. Execution was issued to the Sheriff of White County on February 8, 1960. On February 22, 1960, appellants, appearing specially, moved that the court vacate the default judgment, contending that they were residents of White County, Arkansas, throughout the entire year of 1959, and specifically on January 2nd and March 9th, the respective dates on which returns were made on the summonses issued on the first and second complaints. The motion further stated that Mrs. Haville was physically present in Russell on both occasions, and that Mr. Haville was physically present on ''virtually'' every weekend during the months of January, February, and March. Appellants contended that they had no knowledge or notice of the pendency of the litigation, nor of the default judgment entered, until February, 1960. They further alleged a valid defense ''consisting of the fact that the accident complained of by plaintiffs was caused solely by the negligence and carelessness of the plaintiff, Carl Pearrow, in that he was proceeding at a grossly excessive and reckless rate of speed considering the conditions existing at the time of the accident, that he was violating the law, that he failed to yield the right of way, that he failed to keep proper and careful lookout for persons on the highway; that the defendant, Mrs. Duke Haville, who was the sole occupant of the car, was operating her vehicle in a careful and prudent manner with due regard for the safety of persons or property on the highway and that she was not negligent in any respect.'' Appellants

---

[1] The original complaint alleged appellants to be residents of White County, but the return on the summons by Deputy Sheriff R. L. Griffin (now deceased), reflected that appellants had left Russell and gone to Zachary.

asserted that the judgment should be vacated under the provisions of Subsection 7, Section 29-506, Ark. Stats. Anno., which provides that the court shall have power to vacate a judgment or order "for unavoidable casualty or misfortune preventing the party from appearing or defending." Following a hearing, the court declined to set the judgment aside, and entered its order dismissing the motion, and ordering the judgment to stand. Appellants have perfected this appeal.

Under the view that we take, it is not necessary that we discuss whether the service was valid, for under our holdings, irrespective of the validity of service, the judgment must be affirmed. We have many times held that before one can successfully set aside a judgment, he must show a meritorious defense. This is in accord with our statutes. Section 29-508 provides that proceedings to vacate judgments or orders under § 29-506 shall be by complaint, verified by affidavit, and shall set forth the judgment or order, grounds to vacate or modify same, and the defense to the action, if the party applying was a defendant. Section 29-509 provides that a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action on which the judgment is rendered. As far back as 1891, in *Chambliss* v. *Reppy,* 54 Ark. 539, 16 S. W. 571, in an opinion by the late Chief Justice Cockrill, this Court, in construing § 3912 of Mansfield's Digest (indentical with our present § 29-509), held that a judgment could not be vacated "until it is adjudged that there is a valid defense to the action on which the judgment was rendered." In that case, the appellant contended that service was not had upon him. Again, in *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17, 102 S. W. 711, this Court, in construing § 4434 of Kirby's Digest (identical with § 3912 of Mansfield's Digest and § 29-509 of Arkansas Statutes), held that a judgment could not be set aside on motion or complaint, but evidence must be heard by the court before it could be adjudged that a valid defense existed. In *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387, this Court said:

"To get a judgment or decree set aside, vacated, or modified after the lapse of the term, the statutes above referred to[2] must be complied with. To be sure, this court has said that a motion might be considered as a complaint, but if the motion is so considered, it must be verified and the statute complied with in other respects, and there must be not only an allegation of a meritorious defense, but there must be evidence of it."

See also *O'Neal* v. *B. F. Goodrich Rubber Company*, 204 Ark. 371, 162 S. W. 2d 52. In the case before us, the testimony of appellant, Mrs. Haville,[3] and her witnesses, was directed to the fact that she was physically in White County at the time the suits were instituted; there was no evidence directed toward the establishment of a meritorious defense.

Affirmed.

---

[2] This has reference to the statutory requirements found in Pope's Digest, which are substantially the same, if not identical, to the statutes in the earlier digests, and to our present day statute.

[3] Mr. Haville did not testify.