ALEXANDER *v.* JONES.

5-2382                                    346 S. W. 2d 692

Opinion delivered June 5, 1961.

*J. B. Milham,* for appellant.

No brief filed for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Will Alexander, on October 1, 1951, purchased two lots in the city of Benton from appellees, William George and Emma George, his wife, for a consideration of $645. $501.67 was paid in cash, and a promissory note, due and payable on October 6, 1954, was given for the balance. A vendor's lien was retained by the grantors. Appellant took possession of the lots, and built a small residence thereon. Subsequent thereto, Alexander was sentenced to a term in the State Penitentiary, being committed in January, 1953. On October 17, 1955, the Georges instituted suit to foreclose the lien, including Mrs. Alexander as a defendant. The foreclosure decree was rendered, a Commissioner appointed, and the property ordered sold. At the sale, appellees, William R. Jones and wife, became the purchasers of the property. According to the testimony, Alexander was released on October 7, 1958, and on January 28, 1960, together with his wife, instituted a complaint in the Saline County Chancery Court, alleging that he had never been served with a summons, and did not have notice that the suit had been instituted against him. Various other irregularities were asserted, and appellants asked that the foreclosure deed be set aside, the Commissioner's deed cancelled, and judgment was sought against the Joneses

for the difference in the actual value of the house, and the amount these appellees paid for same. After the filing of separate answers by appellees, the cause was heard by the Chancellor. On November 3, 1960, the court entered its decree, dismissing the complaint of appellants for lack of equity. From such decree, comes this appeal.

Appellants assert that Alexander, while an inmate of the State Penitentiary, was not served with summons as required by statute, § 27-338, Ark. Stats., and that the decree rendered was in violation of § 27-833, this last section providing that "no judgment can be rendered against a prisoner in the penitentiary until after a defense made for him by his attorney, or, if there is none, by a person appointed by the court to defend for him." Alexander testified that he was not served, and that he did not know about the suit. His wife stated that the sheriff came to where she was living, but did not serve her with summons. "He brought some paper there, but he didn't leave it, and I don't know what it was." The evidence reflects that an attorney of Benton was appointed by the court to defend for Alexander, and an answer was filed by such attorney, denying the allegations of the complaint. A report of attorney *ad litem* was also filed by this attorney, who testified in the instant case, but did not recollect any details concerning the matter. He was unable to state whether a letter was directed to Alexander, or whether the answer, and report, were personally prepared by him or by the attorney instituting the action.

It is not necessary that we discuss whether Alexander was properly served, for under our holdings, irrespective of the validity of service, the judgment must be affirmed. In the first place, though the original foreclosure complaint was made a part of the record, and other parts of the original proceedings were read into the record, neither the summons nor the foreclosure decree is included in the transcript. We accordingly have no idea as to the findings made by the court in its decree, or the return made by the sheriff. Of course, we

would not feel justified in setting aside a decree without knowing the findings contained therein. Be that as it may, we must affirm because no meritorious defense was established. In *Haville, et ux,* v. *Pearrow, et ux,* 233 Ark. 586, 346 S. W. 2d 204, the question was whether appellants had been properly served. Without discussing that issue, we affirmed the trial court, because no meritorious defense was shown. Several cases,[1] one dating as far back as 1891, are cited in that Opinion in support of the holding. The same situation exists in the litigation before us. While appellants alleged a meritorious defense, *viz.,* that the indebtedness had been paid, the proof did not substantiate this allegation. Mrs. Alexander did not testify relative to any meritorious defense, and Mr. Alexander's testimony was as follows:

"I will ask you if you had known about this litigation where they had sued you for the balance of $143.33 with 8% interest, would you have been able to have paid that off if you had known the suit was filed?

"A. I could, yes.

"Q. And you would?

"A. Yes."

This, of course, cannot be characterized as a meritorious defense, for an indebtedness does not become due only when suit is instituted by the note holder. The note had been due for over a year before the complaint was filed, and apparently no effort toward payment had been made.

It follows that the decree must be, and is, affirmed.

---

[1] *Chambliss* v. *Reppy,* 54 Ark. 539, 16 S. W. 571, *Knights of Maccabees of the World* v. *Gordon,* 83 Ark. 17, 102 S. W. 711, *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387, *O'Neal* v. *B. F. Goodrich Rubber Company,* 204 Ark. 371, 162 S. W. 2d 52. In *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S. W. 2d 876 (not cited in the *Haville* opinion), the appellant admittedly was never served with process, but we upheld the judgment because no meritorious defense was proved.