## H. L. ABERCROMBIE *v.* MIKE RICHARDS

5-5307                                           455 S. W. 2d 887

Opinion delivered June 29, 1970

*Ewell McCright,* for appellant.

*Hardin & Rickard,* for appellee.

FRANK HOLT, Justice. This *is* an appeal from an adverse ruling on appellant's petition to vacate three default judgments.

On January 29, 1969, appellee filed three separate suits for monies owed to him by appellant for various reasons. Appellant answered with a general denial to each claim and asserted one counterclaim. The cases were consolidated and set for trial on April 9, 1969. On that date appellant's attorney moved for a continuance primarily due to the inability of the appellant to be present because of illness. An unverified written statement from appellant's housekeeper was offered to the court asserting that appellant was sick and unable to appear. Appellant's son appeared before the court and orally made a statement to the same effect. After making inquiry as to the nature of the defenses to the actions, the court announced that it would enter default judgments against the appellant on the three cases, but that if competent medical evidence were produced establish-

ing that appellant was unable to appear and defend because of illness, the judgments would be vacated.

On April 24, 1969, appellant's attorney filed a written motion to vacate the judgments, stating in part: "That to date no physician has been found to attend said defendant, examine and prescribe for his benefit. That the said defendant is still ill." The court dismissed this motion on April 29, 1969, finding that: "1. No excusable negligence has been alleged in said motion. 2. No verified affidavit from competent medical authorities are alleged or set out therein." The March Term of the Circuit Court adjourned; and, upon the opening of the September Term, appellant entered a petition to vacate the judgments. The petition alleged that new evidence had been acquired concerning appellant's illness and inability to appear on the date set for trial; that this new evidence would prove a casualty and misfortune which prevented him from appearing; that the court has never heard this new evidence; that the court's dismissal of appellant's motion to vacate the judgments perpetrated a fraud upon appellant in that he was not informed of the date of the hearing which resulted in said order; and that appellant has a meritorious defense to this cause. From the court's dismissal of this petition, based upon the pleadings, comes this appeal.

We have often said that, irrespective of other allegations, one cannot successfully set aside a default judgment after term time unless a meritorious defense to the action be alleged and shown. *Alexander* v. *Jones*, 233 Ark. 708, 346 S. W. 2d 692 (1961); *Sweet* v. *Nix*, 197 Ark. 284, 122 S. W. 2d 538 (1938); Ark. Stat. Ann. § 29-509 (Repl. 1962). In the case at bar, appellant alleged a "meritorious defense." However, this was a naked allegation and a conclusion of law which did not elaborate or show in what respect a valid defense existed on the actual merits of the case. Consequently, it was not error to dismiss the petition.