Clinton H. CARTER *v.* Shirley CLAUSEN

77-333                                   565 S.W. 2d 17

Opinion delivered May 1, 1978
(In Banc)

*Jack L. Lessenberry,* for appellant.

*Henry Wilkinson,* for appellee.

CARLETON HARRIS, Chief Justice. On February 25, 1970, appellee Shirley Clausen filed a bastardy action in the St. Francis County Court. On April 7, 1970, appellant Clinton Carter was adjudged to be the father of appellee's illegitimate child,[1] and ordered to pay medical expenses plus the sum of ten dollars a week. After numerous motions in the ensuing years,[2] (including contempt for non-payment and requests for increase in payments) the St. Francis County Court, on March 8, 1976, increased the amount of support appellant was to pay to twenty dollars a week. From a May 23, 1977, judgment of the circuit court affirming the county court, comes this appeal.

This entire controversy centers around the amount of support Carter is due to pay for the support of this child. County courts were established by the Arkansas Constitution, Article VII, Section 1. Section 28 declares the jurisdiction of the county courts over bastardy matters as "exclusive original jurisdiction in all matters relating to bastardy." In *Jennings* v. *Fort Smith District of Sebastian County,* 115 Ark. 130, 171 S.W. 920, we pointed out that the county court was created and given jurisdiction for special purposes, and can only exercise such powers as are expressly conferred upon it by the constitution and statutes, "or those that arise by necessary implication from the powers expressly granted."

The chapter on bastardy proceedings treats the subject of support in detail, but there is no mention of a procedure to

---

[1]Appellant does not dispute that he is the father of the child.

[2]The record also reflects a motion to transfer equity and an order to that effect. However, the chancery court never again appears in the picture and the transcript continues to show the matter continuing in the county court. For that matter, the transfer was invalid, for we have held that the chancery court is without jurisdiction in bastardy proceedings. See *Higgs* v. *Higgs,* 227 Ark. 572, 299 S.W. 2d 837. See also the recent case of *Rapp* v. *Kizer,* 260 Ark. 656, 543 S.W. 2d 458.

obtain an increase or decrease in the amount of support. The statute simply provides that if it is found by the county court that the accused is the father of the child, then the court shall give judgment for a monthly sum of not less than $10.00 per month, for every month from the birth of the child until it shall attain the age of 16 years. The order made in this case originally was for $10 per week, and appellant argues that there was no authority for the amount to be increased to $20 per week; that the county court could only issue one judgment and could not thereafter vary or change the amount. A thorough study of the statutes reveals that it is indeed true that there is no statute authorizing a modification or alteration in the amount from time to time, unlike statutes relating to divorce. Ark. Stat. Ann. § 34-1213 (Repl. 1962) relative to divorce, provides:

"The court, upon application of either party, may make such alterations from time to time, as to the allowance of alimony and maintenance, as may be proper (and may order any reasonable sum to be paid for the support of the wife, during the pending of her bill for a divorce.)"

In other words, the statute gives the chancery court continuing jurisdiction to alter the amounts of alimony or support, if the need arises. But in bastardy cases, as stated, there is no statute that grants this same right to the county court, although, unquestionably, the legislature has the authority to enact such a statute; in fact, several statutory changes have been made from time to time, but none that relate to the point under discussion.

A cursory examination of cases from over the country (8 or 10) reflects that in each instance where the court handling bastardy proceedings modified the support order, there was a statute authorizing this to be done.[3]

---

[3]For instance, 10 Okl. St. Ann. § 79, under the chapter "Bastardy Proceedings," provides:

"The court may at any time, enlarge, diminish or vacate any order or judgment in the proceedings under this article on such notice to the defendant and county attorney as the court may prescribe."

In Vol. 10, CJS, *Bastards*, § 114, p. 196, it is mentioned that "by express statutory provision in some states the court is authorized to increase or reduce the amount to be paid under an order of affiliation."

Likewise, in Vol. 10 Am. Jur. 2d, *Bastards*, § 131, p. 938, it is stated: "Some statutes expressly provide that the court may at any time vacate or modify its judgment as justice may require." and § 132 points out that bastardy proceedings are entirely statutory.

Accordingly, since there is no statutory authority for adjustment of amounts ordered paid, if the county court has such authority, it must be because of the inherent powers granted the court. There is a discussion in Sutherland, *Statutes & Statutory Construction*, § 55.03 (Sands 4th Ed. 1973), which, *inter alia*, states:

> ". . . Moreover, to authorize the supplying of a power by implication, inference, or presumption of intention, it is not sufficient that the act is advantageous or convenient to the major power conferred, or even effectual in the exercise of it. The power to be supplied by such process must be practically indispensable and essential in order to execute the power actually conferred. . . .

> A statute will not be extended to include situations by implication when the language of the statute is specific and not subject to reasonable doubt. . . . "

It definitely does not appear that the county court had the inherent power to change the terms of this court order.

The fact that the legislature has passed various acts over the years, some changing the support amounts, or duration of the payments, raising the age of the child from 14 to 16 years, etc., is indicative in itself that no inherent power rests in the county court to modify the payments, for legislation would not be necessary if the court possessed the inherent power to reach these objectives.

As stated in 20 Am. Jur. 2d, *Courts*, § 78, p. 440:

"The phrase 'inherent powers' is used to refer to powers included within the scope of a court's jurisdiction which a court possesses irrespective of specific grant by constitution or legislation. Such powers can neither be taken away nor abridged by the legislature. But the power a court possesses only by virtue of a statutory grant is not an inherent power."

Based on what has been said, we conclude that the county court had no authority to increase the payment from $10 to $20. While, under the present economy, such legislation might well be appropriate and desirable, the fact remains that the statutes presently contain no such authorization.

The judgment is reversed and the cause dismissed.