PLANTERS BANK & TRUST COMPANY *v.*
William M. COLVIN, Helen COLVIN, Bert SULCER,
Trustee, Curtis COLVIN, Earl GORE, RICE
GROWERS BANK & BEN M. HOGAN CO., INC.

78-63                                    572 S.W. 2d 836

Opinion delivered November 13, 1978
(Division II)

*Dane & Felton, Ltd.,* by: *Dan Dane,* and *Daggett, Daggett & Van Dover,* by: *Jimason J. Daggett,* for appellants.

*Sharpe & Morledge, P.A.,* for appellees.

DARRELL HICKMAN, Justice. All parties affected by an order of the St. Francis County Chancery Court setting aside a foreclosure decree, sale and confirmation of a sale have appealed from that order.

The Planters Bank and Trust Company of Forrest City filed an action to foreclose a mortgage on some land owned by William Colvin and his wife, Helen. The mortgage was on thirty-nine acres and was given as an extension and renewal of credit under another mortgage which was on forty acres. The Rice Growers Bank of Wheatley was joined in the suit as having a subsequent claim against the land by virtue of a circuit court judgment against William Colvin and Curtis Colvin for $30,211.77. The Colvins, who were personally served, did not answer the suit and the foreclosure was granted on their default. The Rice Growers Bank bought the land on a $35,000.00 bid at public sale and sold it to a third party.

More than ninety days after the foreclosure decree was entered, the Colvins sought to set aside the decree, sale and confirmation, or in the alternative require Rice Growers to pay into court the amount of its bid. The chancellor heard testimony and set aside the decree, sale and confirmation. The court made several findings but found no fraud on the

part of Planters Bank and declared that Planters Bank would still have a lien on the forty acres.

Planters appeals alleging three errors: the chancellor erred in finding the Rice Growers judgment was not a valid judgment; the court should have granted a motion to strike Colvins' petition; and, the chancellor's findings are inconsistent with the order setting aside the sale.

Rice Growers only alleges that the court erroneously set aside the sale.

The Colvins argue that the chancellor erred in refusing to set aside Planters Bank judgment; and, at least Mrs. Colvin is entitled to one-half the proceeds of the sale after satisfaction of Planters' judgment and the costs of the sale.

We find the chancellor erred in setting aside the foreclosure decree and sale. Only the confirmation of the sale should have been set aside.

Planters had loaned the Colvins money on a regular basis for some time and rather than pay off a note, the Colvins would leave $10.00 or so due to avoid legal expenses every time they needed a new loan.[1]

As the Colvins and Planters Bank were negotiating to consolidate Colvin's debts, it was discovered that Rice Growers Bank had a $30,211.77 judgment against William Colvin and Curtis Colvin in circuit court. Planters decided not to loan Colvin any more money nor renew his notes. Colvin had several other notes with Planters on personal property which were included in the complaint.

Planters filed suit on four notes which were secured by two separate deeds of trust; one deed of trust, dated July 26, 1971, goes to the entire forty acre tract of land (the deed of trust kept "open" by Colvin); and one deed of trust, which was dated April 16, 1976, excepted one acre from the forty

---

[1]Mrs. Colvin disputed this fact and the notes in question were marked "paid." The Planters Bank's ledger card showed a $10.00 balance on the 1971 note.

acres: There was a dwelling house located on this one acre tract but it was not a homestead of Colvins.

In Planters' complaint, Rice Growers Bank was alleged to have a circuit court judgment, as described herein, the basis of which was alleged to be a note signed by William Colvin and his wife, Helen, covering thirty-nine acres. The Colvins did not file an answer to the foreclosure complaint. They were not served a copy of Rice Growers' pleading. Notice was published three times in the local newspaper as required by law. Mr. Colvin said he read them. An order was entered by the Court permitting the land to be offered for sale several ways: First, thirty-nine acres, and then one acre, and then the entire forty acres; the greater bid to be accepted. A commissioner was appointed and a public sale was held which neither of the Colvins attended.

Rice Growers bid the greater amount, $35,000.00, for the entire forty acres, and received a commissioner's deed to the forty acres. Rice Growers did not pay to the commissioner $35,000.00 but instead only paid enough to satisfy Planters' judgment and the costs, a total of $10,363.93.

Rice Growers subsequently sold the land to a person who is not a party to this litigation.

The chancellor approved the sale and the commissioner's deed.

The Colvins filed a petition to set aside the decree, sale and foreclosure alleging that fraud was committed when their one acre was sold. There was also an allegation questioning the validity of the Rice Growers' judgment.

The chancellor heard testimony and correctly decided that since ninety days had expired from when the decree was entered, fraud or unavoidable casualty must be alleged and proved. Ark. Stat. Ann. §§ 29-506 and 508. A meritorious defense must also be shown. *Haville v. Pearrow*, 233 Ark. 586, 346 S.W. 2d 204 (1961).

The court, in setting aside the decree, found:

> . . . that no actual fraud was practiced upon either Mr. or Mrs. Colvin by Planters. Actually, both Planters and Rice Growers tried to work with Colvin in finding a way out of his difficulties. But in doing so they may well have led both him and her to believe that the one acre would not be involved in the sale. . . . .

In other words, the court did not actually find fraud.

The court found that Rice Growers' judgment was "improperly obtained" and, therefore, the sale could not be valid. Consequently, the court decided to set the entire matter aside, with the exception of the judgment of Planters, because the matter was "so inter-twined that it could not be separated."

This was not appropriate since no fraud or unavoidable casualty was found. Ark. Stat. Ann. § 29-506. The decree should have been permitted to stand. *Free* v. *Harris*, 181 Ark. 644, 27 S.W. 2d 510 (1930). The problem lies only with Rice Growers' judgment, its bid and the confirmation of the sale.

Rice Growers' circuit court judgment was against only William Colvin's interest and not that of his wife; it could only be a lien against William Colvin's interest in the land. Ark. Stat. Ann. § 29-130; *Howes* v. *King, Admr.*, 127 Ark. 511, 192 S.W. 883 (1917). Rice Growers had a deed of trust on thirty-nine of the forty acres involved but it was not signed by Helen Colvin. Therefore, it is obvious that Rice Growers' judgment could not be a valid lien against any of Helen Colvin's interest in the forty acres. It was, therefore, not a valid lien which could be used to foreclose Helen Colvin's interest in the land in this action. Planters was correctly found to have a valid lien on all the forty acres and, therefore, the foreclosure was in order, and the sale was in order. Planters' interest should not be disturbed. It simply becomes a matter of disposing of the troublesome problems raised by Rice Growers' failure to pay to the commissioner the full bid of $35,000.00 and the disposition of the proceeds.

The matter may be resolved by the court by simply setting aside the confirmation and requiring Rice Growers and

the commissioner to account to the court for the amount bid and dispose of that amount according to the law and equity. This is the only reasonable resolution of the matter since there was no finding by the court of wrongdoing on the part of Planters, and since the ultimate purchaser of the property is not a party to this lawsuit.

Therefore, we find that Planters' arguments have merit to the degree that we have expressed herein and that the Colvins' argument has merit to the degree that Mrs. Colvin's interest could not be foreclosed by Rice Growers at this sale. We find no merit to any other arguments raised on appeal.

Therefore, this case is remanded to the chancery court with instructions to set aside only the confirmation of sale entered herein and retain as parties to the litigation Rice Growers Bank, the commissioner and the Colvins for a fair and equitable disposition of the proceeds.

Affirmed in part, reversed in part.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.