Thomas Wayne WILKINS *v.* Dorothy M. FORD

81-256                                          631 S.W. 2d 298

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Gordon L. Humphrey,* of *Boeckmann & Humphrey,* by: *E. Alvin Schay,* for appellant.

*Steve Inboden,* of *Webb & Inboden,* for appellee.

ROBERT H. DUDLEY, Justice. Dorothy Ford filed a

bastardy action naming appellant Thomas Wilkins as the putative father. On November 21, 1980, the county court filed its finding of paternity and order of support. Appellant Wilkins did not perfect his appeal within the prescribed 30-day period. After the term lapsed appellant filed a written motion asking permission of the county court to file a belated appeal to circuit court. The appointed referee did not grant the motion, but on February 5, 1981, on the oral motion of appellant, the referee vacated the finding of paternity and order of support and then, on February 26, 1981, filed an order which was practically identical to the original order. In the brief before us appellant admits the purpose of the latter action was to allow a belated appeal. The circuit court dismissed the appeal and we affirm.

The appellant received notice of the suit, appeared, defended and lost. The time for appeal has passed and appellant now seeks to directly attack the judgment of paternity. This type of attack is not allowed unless a petitioner pleads and proves grounds, otherwise judgments would never be final. Appellant has neither pleaded nor proved a ground to vacate the judgment and he has neither pleaded nor made a prima facie showing of a valid defense.

The parties have filed briefs with extensive arguments on whether a county court may, on oral motion, vacate a judgment after the term has lapsed or more than 90 days after filing of the order. We do not reach that issue because the appellant was not entitled to have the judgment vacated without pleading a ground and asserting and making a prima facie showing of a valid defense. In his brief appellant refers to the ground of unavoidable casualty but that ground for vacating a judgment is "For unavoidable casualty or misfortune preventing the party from appearing or defending." ARCP Rule 60 (c) (7). The appellant appeared, defended and lost. He does not come within this ground.

In addition to a valid ground to vacate a judgment the moving party must prove a prima facie showing of a valid defense. In *Burnett* v. *Burnett*, 254 Ark. 507, 494 S.W. 2d 482 (1973), we stated:

. . . Our Ark. Stat. Ann. § 29-509 (1962 Repl.) [substantially the same as Rule 60 (d), ARCP] provides that a judgment shall not be vacated "until it is adjudged that there is a valid defense to the action . . . " The word "valid" as used in the statute means "meritorious". *Berringer* v. *Stevens,* 145 Ark. 293, 225 SW. 14 (1920). In *Nichols* v. *Arkansas Trust Co.,* 207 Ark. 174, 179 S.W. 2d 857 (1944) we said:

> In a long line of cases beginning with *State* v. *Hill,* 50 Ark. 458, 8 S.W. 401, and extending to *O'Neal* v. *Goodrich Rubber Co.,* 204 Ark. 371, 162 S.W. 2d 52, and *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S.W. 2d 876, this statute has been construed as imposing the requirement that a prima facie showing of a valid defense be made before the judgment will be vacated, although it is shown that it was rendered without notice.

Later holdings of the same import are *Haville* v. *Pearrow,* 233 Ark. 586, 346 S.W. 2d 204 (1961), and *Agee* v. *Wildman,* 240 Ark. 111, 398 S.W. 2d 542 (1966).

Appellant contends that Ark. Stat. Ann. § 34-706.1 (Supp. 1981) modifies the procedure in bastardy actions and the court can modify any order at any time. It provides:

> Modificiation of judgment. — County courts may at any time, enlarge, diminish or vacate any order or judgment awarding an allowance for child support in bastardy cases.

The statute was enacted in response to our ruling in *Carter* v. *Clausen,* 263 Ark. 344, 565 S.W. 2d 17 (1978), which held that county courts had no authority to adjust the amount of support. The statute authorizes modifications from time to time in the continuing order of support but it does not authorize a modification of a finding of paternity. Appellant also contends that the last sentence of Ark. Stat. Ann. § 34-706 (Supp. 1981) authorizes a vacation at any time. That statute refers to a vacation of an order of commitment for failure to pay support.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Ark. Stat. Ann. § 34-706.1 (Supp. 1981) reads as follows:

County courts may at any time, enlarge, diminish or vacate any order or judgment awarding allowance for child support in bastardy cases.

On November 18, 1980, the county court of Poinsett County entered an order in a bastardy action declaring the appellant to be the natural father of the bastard child and further ordered the appellant to pay the sum of $50 per week for support of the child until a certain age. However, on February 5, 1981, the county court vacated its order of November 18, 1980.

The action of the court to vacate its prior order was clearly within the terms of the above-stated statute. I am not willing to state that the General Assembly did not have the right to enact a law allowing the county court to do exactly what it did in this case. In my opinion, it is not the place of this court to tell the legislature which laws to enact.

The majority seem to mistakenly rely upon our Rules of Civil Procedure. I see no need to discuss the Rules or the terms of court because they simply do not apply to county courts. The first statement of the Rules of Civil Procedure states that they are applicable only to circuit, chancery and probate courts. See ARCP Rule 1.

If the General Assembly enacted § 34-706.1 for the purpose of avoiding our holding in *Carter v. Clausen*, 263 Ark. 344, 565 S.W. 2d 17 (1978), they did an excellent job. *Carter* held the county court had no power to modify a bastardy order. Now the same courts have the express authority to vacate or modify orders in any manner without limitation as to time. Therefore, until the General Assembly enacts another law or we adopt a rule change, the county court has the unqualified power to modify or vacate its own decrees.

Relying upon the plain and simple language used in the statute, I would reverse this case.